TENEMENT HOUSE DEPT. OF CITY OF NEW YORK v. MOESCHEN.

(Supreme Court, Appellate Term. November 6, 1903.)

1. EXERCISE OF POLICE POWER—SUPERVISION BY COURTS.
    The legislative determination as to what is a proper exercise of the police power is not final, but is subject to the supervision of the courts.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the tenement house department of the city of New York against Katie Moeschen. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Adolph Block and William L. Mathot, for appellant.

George L. Rives (Matthew C. Fleming, of counsel), for respondent.

FREEDMAN, P. J. The action was brought to recover a penalty for violating section 100 of the tenement house act (chapter 334, p. 912, Laws 1901), as amended (Laws 1902, p. 937). The appellant contends that this section is unconstitutional. The legislation on this subject sought to be regulated by said section has been the result of evolution, and it is certain that conditions which were at one time tolerated are now recognized, with the growth of sanitary science, as dangerous to life and health. Where the constitutionality of a statute is attacked, the judiciary is prohibited from inquiry into legislative motives or policy, and all it can do is to inquire into the power of the Legislature to enact the statute, and, if that power is found to exist, then the only remedy is at the polls, however unwise and improper the judiciary may consider the act. The section under consideration calls for the removal of school sinks, privy vaults, and other similar receptacles used to receive fecal matter, urine, or sewage, and for the substitution of individual water-closets of durable, nonabsorbent material, properly sewer connected, and with individual traps, and properly connected flush tanks, etc. These requirements were enacted in the exercise of the police power inherent in the state. This power is very broad, but not wholly without any limitation upon it. The Legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private business, or impose unreasonable and unnecessary restrictions upon lawful occupations. In other words, its determination as to what is a proper exercise of its police powers is not final or conclusive, but is subject to the supervision of the courts.

In the case at bar the appellant was permitted to give evidence to the effect that the changes required by the statute were unreasonable and unnecessary, and the question whether they were reasonable and necessary was, upon the whole case, submitted to the jury as a question of fact, under an able, clear, and elaborate charge, which carefully guarded every right the appellant had, if she had the right at all to have the question submitted to the jury as one of fact. The question having thus been disposed of in the manner most favorable to the appellant, and the jury having found against her, the case is fully controlled by the decision of Health Department v. The Rector, etc., of Trinity Church, 145 N. Y. 32, 39 N. E. 833, 45 Am. St. Rep. 579, and the judgment appealed from must be affirmed with costs. In view, however, of the importance of the questions involved, and the case being a pioneer, the request made by both parties that leave be granted to appeal to the Appellate Division should be granted.

Judgment affirmed, with costs, and with leave to appellant to appeal to the Appellate Division. All concur.